```
                    UNITED STATES BANKRUPTCY COURT
                   FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                            )
                                  )    Chapter 7
JOHN A. SEDIVEC,                  )
                                  )    Bankruptcy No. 08-00153
      Debtor.                     )
------------------------------    )
DIANE STASTNY,                    )
                                  )    Adversary No. 08-09048
      Plaintiff,                  )
                                  )
vs.                               )
                                  )
JOHN A. SEDIVEC,                  )
                                  )
      Defendant.                  )
```

**ORDER RE: COMPLAINT TO DETERMINE DISCHARGEABILITY**

Trial was held on September 4, 2008 on Plaintiff's Complaint to determine dischargeability. Plaintiff Diane Stastny and Defendant John Sedivec appeared pro se. In order to aid in identifying the parties, the Court will refer to them as Diane and John. After trial, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

**STATEMENT OF THE CASE**

Diane asserts that the debt owed to her by John should be excepted from discharge for fraud or false pretenses. John denies that the debt should be excepted from discharge.

**FINDINGS OF FACT**

In the spring of 2007, John was approached by the landlord of his residence at 1825 Gleason Avenue in Iowa City. She informed him that she intended to sell this residence but offered him the option of vacating or purchasing the house from her. John was in a relationship with Diane at this time. In a telephone call, John informed Diane of his conversation with his landlord. After some discussion, Diane offered John $5,000 to use as a down payment toward the purchase of the house. John accepted a $5,000 check from Diane on April 13, 2007.

The parties disagree about the exact nature of their agreement. Diane testified that John agreed to purchase the house with her and that they would live there together. John testified that he offered to let Diane live in the house, but never agreed that they would purchase the house together.

The parties worked out an agreement for John to repay the $5,000 debt to Diane. They agreed that John alone would pay the house payment each month. Each month that Diane lived in the house, $500 would be deducted from the $5,000 John owed her. At trial, both Diane and John referred to this $500 reduction of the debt as Diane's rent. Diane, however, testified that the $500 per month was to go toward the purchase price of the house. John testified that he had never heard of this supposed arrangement before trial.

Sometime between April 13 and June 10, 2007, John completed the purchase of the property by entering into a real estate contract with his former landlord. He testified that Diane was aware of the date of the closing. Diane testified that she was not informed of the date of closing and did not know when John entered into the real estate contract. In any event, Diane did not attend the closing.

On June 10, 2007, Diane moved into the house at 1825 Gleason Avenue. On August 9, 2007, John asked her to move out by the end of the month. Diane testified that she only realized that she had no ownership interest in the property when she went to the Recorder's office and examined the recorded copy of the contract in September 2007, after she moved out.

John filed his bankruptcy petition on February 1, 2008. He lists the $5,000 debt to Diane on Schedule F as an unsecured claim. Diane timely filed her dischargeability complaint on April 30, 2008.

## CONCLUSIONS OF LAW

Diane is seeking a determination that John's obligation to her is not dischargeable based on actual or constructive fraud. A Chapter 7 discharge does not discharge a debtor from any debt obtained by "false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A). Exceptions to discharge must be construed narrowly against the creditor and liberally for the debtor. In re Long, 774 F.2d 875, 879 (8th Cir. 1985). A creditor seeking to except debt from discharge must prove the elements of nondischargeability by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 283 (1991).

Five elements must be satisfied before a debt will be excepted from discharge under § 523(a)(2)(A): (1) the debtor made false representations; (2) the debtor knew the representations were false at the time they were made; (3) the debtor made the representations with the intention and purpose of deceiving the creditor; (4) the creditor justifiably relied on the representations, <u>Field v. Mans</u>, 516 U.S. 59, 72 (1995); and (5) the creditor sustained the alleged injury as a proximate result of the representations having been made. <u>In re Van Horne</u>, 823 F.2d 1285, 1287 (8th Cir. 1987); <u>In re Burghoff</u>, 374 B.R. 672, 678 (Bankr. S.D. Iowa 2007) (Kilburg, J.).

Justifiable reliance does not mean that the creditor's conduct must conform to the standard of the reasonable person. <u>In re Mulder</u>, 306 B.R. 265, 272 (Bankr. N.D. Iowa 2004) (Edmonds, J.) (citing <u>Field v. Mans</u>). The standard for establishing justifiable reliance is fairly low. <u>Id.</u> "A party may justifiably rely on a misrepresentation even when she could have ascertained its falsity by conducting an investigation." <u>In re Guske</u>, 243 B.R. 359, 363 (B.A.P. 8th Cir. 2000).

A creditor who fails to react in a timely manner upon discovery of the falsity of the statement cannot establish justifiable reliance. <u>In re Flickinger</u>, No. 98-02247, Adv. 98-9274, slip op. at 7 (Bankr. N.D. Iowa Oct. 20, 1999) (Kilburg, J.). In <u>Flickinger</u>, the debtor borrowed money from his girlfriend's parents in order to purchase a bar. <u>Id.</u> at 2. The parents claimed the debtor offered them an ownership interest in the bar in exchange for the loan, but never received any evidence of ownership. <u>Id.</u> The Court concluded that "[h]ad Debtor actually made this representation, and had Plaintiffs actually relied on the representation, it is fair to conclude that they would have acted promptly to correct this problem." <u>Id.</u> at *7.

**ANALYSIS**

Diane has failed to establish by a preponderance of the evidence that John represented that they would jointly purchase the house. Though Diane alleges that John made such statements, the preponderance of credible evidence is inconsistent with this assertion. Both Diane and John refer to the monthly $500 reduction of debt as "rent." The concept of paying rent is inconsistent with her claim of being part owner of the house. Furthermore, the purported arrangement whereby the $5,000 would be considered a debt, which John must repay in full, is inconsistent with the parties' joint purchase of the house. It is more plausible that Diane would contribute a part of the down payment if they were in fact jointly purchasing the property.

Finally, there are no written documents relating to this transaction.

Even if Diane could prove that John stated that she would be part owner of the house, she has failed to prove that she relied on this statement. When Diane moved in with John, she was aware that he had already purchased the house. She was not present at the closing and was not a party to the real estate contract. These circumstances constitute a warning that Diane was not given an ownership interest in the house. She failed, however, to inquire further about her interest in the house. Therefore, she has failed to establish that she justifiably relied upon John's representation.

Diane testified that shortly after leaving the residence, she went to the Recorder's office and found that the real estate contract did not contain her name as a purchaser. Had she relied on John's representation that she was part owner of the house, she would have certainly acted to resolve this issue. Her failure to act for several months indicates that she did not justifiably rely upon any purported representation John made regarding her interest in the house.

## CONCLUSION

Diane has failed to establish by a preponderance of the evidence the requisite elements of her claim under § 523(a)(2)(A). She has failed to prove that John made any false representation and she has not established that she justifiably relied on any alleged representations. Therefore, it is the ultimate conclusion of this Court that Diane's complaint must be denied.

**WHEREFORE**, Plaintiff's Complaint is DENIED.

**FURTHER**, the debt owed to Plaintiff Diane Stastny is not excepted from discharge under § 523(a)(2)(A).

**FURTHER**, judgment shall enter accordingly.

DATED AND ENTERED:  October 22, 2008

*[signature]*

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE

39/1